UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHEN A. HALL, JR.,

Plaintiff,

v. Case No. 26-CV-1221

COUNTY OF WAUKESHA et al.,

Defendants.

---

**ORDER**

---

Plaintiff Stephen A. Hall, Jr., is currently incarcerated at Waupun Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. This matter comes before the Court on Plaintiff's motion for an extension of time to pay the initial partial filing fee and to reduce the ordered initial partial filing fee amount. (ECF No. 13.)

The Prison Litigation Reform Act (PLRA) requires an incarcerated individual to pay an initial partial filing fee of twenty percent of the greater of the average monthly deposits to his account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint before the Court considers the merits of the case. 28 U.S.C. § 1915(b)(1); *see also Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). The Court assessed an initial partial filing fee of $9.17 based on application of this statutory formula to the six-month period preceding the filing of the complaint. (ECF No. 5.)

The Court has verified that the statutory formula was correctly applied to arrive at the assessed initial partial filing fee. The PLRA requires Plaintiff to pay this initial partial filing fee

unless he lacks the assets and means to pay it. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin*, 123 F.3d 435. Plaintiff asserts that he only has $7.28 in his release account. He does not indicate how much money he has in his regular account. Plaintiff has not shown that he lacks the assets and means to pay the $9.17 initial partial filing fee that the Court assessed. The Court will therefore deny his request to reduce the amount of the fee, but the Court will allow him more time to pay the $9.17 initial partial filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reduce the ordered initial partial filing fee amount (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to pay the initial partial filing fee (ECF No. 13) is **GRANTED**. Plaintiff must pay the $9.17 initial partial filing fee by **October 22, 2026**. **To the extent Plaintiff does not have enough money in his regular account to make the initial partial payment, Plaintiff is responsible for making arrangements with authorities to pay the remainder of the initial partial filing fee from Plaintiff's release account. Plaintiff is advised that the language of 28 U.S.C. § 1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee only if insufficient funds are available in his regular account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).**

**IT IS FURTHER ORDERED** that, if the Court does not receive the $9.17 initial partial filing fee or some explanation as to why it has not been paid by October 22, 2026, the Court will

deny Plaintiff's motion for leave to proceed without prepaying the filing fee and will dismiss this action without prejudice based on Plaintiff's failure to pay the filing fee.

Dated at Green Bay, Wisconsin on September 29, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge