UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN A. HALL, JR.,

Plaintiff,

v. Case No. 26-CV-1221

COUNTY OF WAUKESHA,
ERIC SEVERSON,
AMY VAUGHN,
TRACY J. LEWANDOWSKI,
LT. KURSZEWSKI,
CO EWER, and
CO HURPLE,

Defendants.

## SCREENING ORDER

Plaintiff Stephen A. Hall, Jr., who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $9.17. On October 14, 2026, Plaintiff filed a motion to reduce the ordered initial

partial filing fee amount. The Court finds that Plaintiff lacks the assets and means to pay an initial partial filing fee, so the Court waives that obligation. 28 U.S.C. § 1915(b)(4). Plaintiff will be required to pay the $350 statutory filing fee over time as set forth in § 1915(b). Plaintiff's motion to reduce the ordered initial partial filing fee amount is denied as unnecessary, and Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

At all times relevant, Plaintiff was housed at the Waukesha County Jail. On July 30, 2024, at approximately 6:30 a.m., Plaintiff experienced severe chest pain and called for a "medical emergency back-up" through the intercom in his cell. Although the back-up team arrived at Plaintiff's door, a nurse did not present to Plaintiff's cell. Lt. Kurszewski ordered Plaintiff to stick his hands out of the tray of his cell door. CO Hurple grabbed both of Plaintiff's hands to be cuffed. CO Ewer put one cuff on Plaintiff's right hand and then tightened the cuff, using both of his hands to squeeze the handcuff around Plaintiff's wrist to its maximum tightness. CO Ewer then used a hip thrust to slam the handcuff deeper into Plaintiff's wrist, closing the cuff even tighter. (ECF No. 1 at 3.)

Plaintiff screamed that CO Ewer broke his hand and said they should remove the cuff. Lt. Kurszewski responded, "If we take it off, you won't be able to see the nurse." Plaintiff stated that

he just wanted the cuff off and tried to pull his hands back into the cell. CO Hurple held on to Plaintiff's left hand and the dangling cuff. Lt. Kurszewski ordered CO Ewer and CO Hurple to take the handcuff and reminded Plaintiff that he would not be able to see the nurse unless he wore the cuffs. Plaintiff stated that they broke his wrist and were denying him medical care. The officers closed Plaintiff's trap. Plaintiff believes that CO Ewer slammed the handcuff into his wrist because Plaintiff had wrote a complaint against him. (*Id.* at 3–4.)

On September 25, 2024, Deputy Linscott (not a defendant) escorted Plaintiff to Waukesha Memorial Hospital. At the hospital, an X-ray was taken of Plaintiff's right hand. Plaintiff was diagnosed with a broken wrist, for which he was given a prescription for Tylenol, ibuprofen, and a hard brace. Plaintiff was then transported back to the Jail. (*Id.* at 4–5.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that CO Ewer used excessive force against him. The Fourteenth Amendment's due process clause protects a pretrial detainee from "use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). "Punishment" can be either actions taken with an "expressed intent to punish" or actions that are not "rationally related to a legitimate nonpunitive governmental purpose." *Id.* at 398. Based on the allegations contained in the complaint, Plaintiff may proceed on a Fourteenth Amendment claim that CO Ewer used excessive force on July 30, 2024.

Plaintiff asserts that CO Ewer slammed the handcuff into his wrist to retaliate against Plaintiff for writing a complaint against him. To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Based on the allegations contained in the complaint, Plaintiff may proceed on a First Amendment retaliation claim against CO Ewer.

Plaintiff asserts that CO Ewer, CO Hurple, and Lt. Kurszewski did not allow Plaintiff to be seen by the nurse after Plaintiff complained that his wrist was broken. Under the Fourteenth Amendment's objective unreasonableness standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72. With this standard in mind, the Court will allow Plaintiff to proceed on a Fourteenth Amendment claim based on his allegations that CO Ewer, CO Hurple, and Lt. Kurszewski did not allow Plaintiff to be seen by the nurse after he complained that his wrist was broken.

Plaintiff also seeks to bring a *Monell* claim against the County of Waukesha, Sheriff Eric Severson, Jail Administrator Amy Vaughn, and Deputy Jail Administrator Tracy Lewandowski. Plaintiff asserts that Waukesha County had a widespread informal custom that allowed for the broad sweeping acceptance of using excessive force against unresisting black inmates. He alleges that Sheriff Severson, Jail Administrator Vaughn, and Deputy Jail Administrator Lewandowski failed to investigate complaints of excessive force or retaliation, failed to discipline staff, and failed to train staff about their duty to avoid violating citizens' rights and what constitutes unlawful use of force. (ECF No. 1 at 5–7.)

A municipality is not liable under 42 U.S.C. § 1983 based solely on a theory of *respondeat superior* (failure to supervise). *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may be liable for an employee's conduct if the employee injured the plaintiff in execution of an official policy, custom, or widespread practice. *Id.* at 690. The official policy requirement "distinguish[es] between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Failure to train may constitute an official custom or policy for purposes of § 1983 liability "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by . . . policymakers." *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989). "[O]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can [the municipality] be liable for such a failure under § 1983." *Id.*

Plaintiff's complaint contains no allegations from which the Court can infer that Waukesha County or its policymakers made a deliberate policy choice to follow a certain course of action regarding excessive force or retaliation. Plaintiff alleges that Waukesha County had a widespread informal custom that allowed for the sweeping acceptance of using excessive force and was put

on notice of ongoing beatings through institutional grievances, but such vague allegations are insufficient to allow a reasonable factfinder to infer that the officers acted pursuant to an official policy, custom, or widespread practice. "Although this court has not adopted any bright-line rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice." *Wilson v. Cook Cty.*, 742 F.3d 775, 780 (7th Cir. 2014). Plaintiff's complaint contains no specific allegations regarding the use of excessive force and retaliation beyond his own experience. For these reasons, Plaintiff fails to state a *Monell* claim against the County of Waukesha, Sheriff Severson, Jail Administrator Vaughn, and Deputy Jail Administrator Lewandowski, and they will be terminated as defendants from this case.

The Court finds that Plaintiff may proceed on the following claims: a Fourteenth Amendment excessive force claim against CO Ewer, a First Amendment retaliation claim against CO Ewer, and a Fourteenth Amendment denial of medical care claim against CO Ewer, CO Hurple, and Lt. Kurszewski.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to reduce the ordered initial partial filing fee amount (ECF No. 15) is **DENIED as unnecessary**.

**IT IS FURTHER ORDERED** that the County of Waukesha, Sheriff Eric Severson, Jail Administrator Amy Vaughn, and Deputy Jail Administrator Tracy Lewandowski are **TERMINATED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon CO Ewer, CO Hurple, and Lt. Kurszewski pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to

charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that CO Ewer, CO Hurple, and Lt. Kurszewski shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 28, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge